IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Dale Allen Gress, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No: 3:12-cv-47 |
| | ) | |
| Don Redmann, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |

Dale Allen Gress ("Gress") filed a petition for habeas relief pursuant to 28 U.S.C. § 2254. (Doc. 1). The court ordered service upon the respondent and on August 13, 2012, the respondent filed a motion to dismiss contending Gress's petition is a second or successive petition, and alternatively his claims are time-barred and procedurally defaulted.[1] Gress failed to respond to the motion to dismiss, and the time to do so has expired. Local Civil Rule 7.1 provides that Gress had twenty-one days after service of the memorandum in support of the motion to dismiss to file a response to the motion. "An adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken." D.N.D. Civ. L.R. 7.1(F). The court finds petitioner has admitted the motion to dismiss is well taken. Additionally, the court finds it lacks jurisdiction to entertain Gress's habeas petition, since Gress did not obtain an order authorizing him to file the second petition.

---

[1] The respondent alleges Gress's claims do not satisfy the requirements of 28 U.S.C. § 2244(b)(2), which states that a claim presented in a second petition that was not presented in a prior petition shall be dismissed unless the claim relies on a new rule of constitutional law, or the factual predicate of the claim could not have been previously discovered and the facts underlying the claim would establish that no reasonable factfinder would have found the petitioner guilty of the underlying offense. The court will not consider whether Gress's claims satisfy § 2244(b)(2) or the respondent's alternative arguments because the court lacks jurisdiction to entertain the habeas petition. However, it is worth noting that if the court had jurisdiction to consider Gress's claims, they appear to be time-barred.

Gress pled guilty to two counts of aggravated assault - domestic violence, burglary, two counts of violation of a domestic violence protection order, and simple assault. (Resp. Ex. 1, p. 3). On January 5, 2007, a criminal judgment was entered sentencing Gress to five years of incarceration for the aggravated assault convictions and for the violation of a domestic violence protection order convictions, ten years of incarceration with five years suspended for the burglary conviction, and thirty days for the simple assault conviction. (Resp. Ex. 3, p. 1). The sentence for the burglary conviction is to run consecutively to the sentence for the aggravated assault conviction. (Resp. Ex. 3, p. 3).

On December 23, 2009, Gress filed his first habeas petition in this court challenging the 2007 criminal judgment. Gress claimed he was sentenced to 85% of ten years, or eight and a half years of imprisonment.[2] Gress v. Redmann, Case No. 3:09-cv-109, Doc. #1. Additionally, he stated he was entitled to habeas relief because he was denied the right to apply for a pardon. Id. He requested the court to grant him "the right to see or write to the Parole Board." Id. Upon initial review the court was unable to ascertain the nature of Gress's claim(s) as he did not state any facts to support the claim(s). The court ordered Gress to fully complete the habeas petition by including specific facts supporting his claim(s). Id. at Doc. #2. Gress submitted an amended petition which was mostly blank and did not indicate any grounds for relief. Id. at Doc. #5. In the amended petition he requested the court grant him the opportunity to be heard. Id. After reviewing both petitions the court was still at a loss to know the nature of the claim(s), and the

---

[2] On August 3, 2009, Gress wrote a letter to the state district court judge claiming he was not receiving credit for time served on his sentence prior to the criminal judgment. (Resp. Ex. 8). The assistant state's attorney responded and confirmed that Gress had received credit for time served on his concurrent sentences, but pursuant to state law credit for time served only applies to the first of consecutive sentences. (Resp. Ex. 9).

court ordered service upon the respondent. The respondent was also unable to discern the nature of Gress's claim(s).

The magistrate judge entered a Report and Recommendation that Gress's claims in his first habeas petition and amended petition be dismissed for failure to comply with Rule 2(c) of the Rules Governing § 2254 Cases, which mandates that a habeas petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Alternatively, the magistrate judge recommended that if Gress was claiming that he was not receiving credit for time served on his burglary sentence and that he was denied the right to apply for a pardon, the claims should be dismissed because this court is bound by the state court's interpretation of its state statute requiring credit for time served only as to the first of consecutive sentences, and Gress has no federal right to a pardon because the governor's pardon power is discretionary. Id. at Doc. #14. The district judge adopted the recommendation in its entirety. Id. at Doc. #17.

In the instant habeas petition Gress alleges he did not knowingly, voluntarily and intelligently enter his guilty pleas, and that he was denied his due process rights by not being allowed to present evidence to the state district court. Additionally, Gress states he was denied discovery. Gress could have raised these claims in his first petition for habeas relief.

Before a second or successive petition for habeas relief is filed in the district court, the petitioner must obtain an order from the appropriate court of appeals authorizing him to file the second or successive petition. 28 U.S.C. § 2244(b)(3)(A); see also Rule 9 of the Rules Governing Section 2254 Cases. Gress's petition is a second or successive petition because Gress is contesting the same custody imposed by the same judgment of the state district court as he

challenged in his previous federal habeas petition. Therefore, Gress was required to receive authorization from the Eighth Circuit Court of Appeals prior to filing the instant petition. Because he did not, this court is without jurisdiction to consider Gress's habeas petition. See Burton v. Stewart, 549 U.S. 147 (2001). Accordingly, it is **RECOMMENDED** that:

1. Respondent's motion to dismiss (Doc. #7) based on this court's lack of jurisdiction be **GRANTED**;

2. Gress's petition for habeas relief (Doc. #1) be **DISMISSED** without prejudice;

3. The court certify that an appeal from the dismissal of this action may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith; and

4. A certificate of appealability not be issued with respect to any of the issues raised by Gress in this action.

Dated this 12th day of October, 2012.

        /s/ *Karen K. Klein*
        Karen K. Klein
        United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than October 29, 2012, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.